FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

**SEALED**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 13 2025
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Oluwaseun Shomefun ) | |
| Petitioner, ) | Complaint under the Federal Tort Claims Act |
| v. ) | |
| United States of America ) | 3-25CV3108-G |
| Respondent. ) | |

### I.    Jurisdiction and Venue

1.     This action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680.

2.     Jurisdiction is proper under 28 U.S.C. § 1346(b) (1).

3.     Venue lies in the Northern District of Texas, Dallas Division, because the acts and omissions giving rise to this action occurred primarily in Johnson County.

### II.    Parties

4.     Plaintiff is a resident of Texas who was detained by the Department of Homeland Security ("DHS") and its component, Immigration and Customs Enforcement ("ICE"), from Sept. 26th 2022 through March 27th 2025 and Aug. 8th to Aug. 10th 2025.

5.     Defendant United States of America is sued under the FTCA for the negligent and wrongful acts and omissions of its employees and agents of DHS/ICE acting within the scope of their official duties.

### III.    Administrative Exhaustion

6.     Plaintiff timely filed an administrative claim (SF-95) with DHS/ICE on April 30th 2025.

Case 3:25-cv-03108-G-BK   Document 3   Filed 11/13/25   Page 2 of 11   PageID 38
FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

7. More than six months have passed with no final written disposition. The claim is therefore deemed denied pursuant to 28 U.S.C. § 2675(a).

### IV. Prior Related Litigation

8. Plaintiff has previously filed several legal actions arising from the same or closely related set of facts. None of these actions resulted in a determination on the merits of Plaintiff's civil and/or constitutional claims. The following matters are listed for the Court's reference:[1]

   i. *Shomefun v. Tarrant County Bail Board et al*, No. 4:23-CV-785-O (N.D. Tex. 2023) – Filed as a writ of habeas corpus petition under 28 U.S.C. § 2241 challenging unlawful Immigration detainer and excessive bail. Dismissed without prejudice on Sept. 19 2023 for lack of jurisdiction due to failure to "exhaust his available state remedies."

   ii. *Shomefun v. Mayokas et al*, No. 4:23-CV-01120-O (N.D. Tex. 2023) – Filed as a writ of habeas corpus petition under 28 U.S.C. § 2241 challenging unlawful ICE hold and extended detention but misconstrued as "an attempt to appeal from the decision of the Board of Immigration Appeals." "Dismissed for want of jurisdiction." on Nov. 8th 2023.

   iii. *Oluwaseun v. Mayokas et al*, No. 3:24-CV-00176-G-BT (N.D. Tex. 2024) – Filed as a writ of habeas corpus petition under 28 U.S.C. § 2241 challenging unlawful prolonged detention. Dismissed as moot for lack of jurisdiction on Oct. 16th 2024. Motion to reconsider is pending.

   iv. *Shomefun v. Lasalle Corrections et al*, No. 4:23-CV-474-O, ECF Nos. 21 &22 – Filed as civil rights complaint for monetary damages under 42 U.S.C. § 1983 challenging several constitutional violations. "Dismissed as premature." on July 24th 2024.

---

[1] In cases i-v, the Courts relied on a factually false premise that plaintiff detention was governed under 8 U.S.C. § 1231(a) (1), therefore removal order was administratively final. Board of Immigration Appeals (BIA) terminated removal proceeding on March 18 2025. ICE released Plaintiff on March 27th 2025.

Case 3:25-cv-03108-G-BK   Document 3   Filed 11/13/25   Page 3 of 11   PageID 39
FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

v. *Oluwaseun v. Tarrant County et al*, No. 4:25-CV-00362-O (N.D. Tex. 2024) – Filed as a civil rights complaint due to constitutional violations. "Claims are dismissed without prejudice in the interest of judicial economy and comity." prematurely without leave to amend on April 4th 2025.[2]

vi. *Oluwaseun v. Engle et al*, No. 3:25-CV-01076-B-BW (N.D. Tex. 2025) – Filed as a civil rights complaint under Biven challenging several constitutional violations. Filed on May 1st 2025 and pending.

vii. *Oluwaseun v. Tarrant County et al*, No. 4:25-CV-00804-P (N.D. Tex. 2025) – Filed as a civil rights complaint for monetary damages under 42 U.S.C. § 1983 challenging several constitutional violations. Filed on May 15th 2025 and pending.

## V.    Statement of Facts

9. Plaintiff was taken into ICE custody in Alvarado, Texas, on September 26, 2022, under 8 U.S.C. § 1226(a), a discretionary detention provision.

10. From that date until release on March 27, 2025 — approximately 915 days — Plaintiff remained detained even though no final removal order existed.

11. Throughout Plaintiff's detention, ICE officers repeatedly transferred Plaintiff between County jails and ICE facility by issuing and reissuing immigration detainers to local jails, after judicial orders or approved bonds authorizing Plaintiff's release.

12. County jail policies permitted only cash bonds for detainees with ICE detainer. The ICE detainers blocked release despite making bail and eligible for release. The issuance and enforcement of these detainers directly prevented Plaintiff's release on multiple occasions.

---

[2] Complaint is misconstrued to be challenging criminal charge and a request seeking "Injunctive relief "preventing future custody transfer"" again to Tarrant County jail while removal proceeding is ongoing.

Case 3:25-cv-03108-G-BK   Document 3   Filed 11/13/25   Page 4 of 11   PageID 40
FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

13. On one occasion, after Plaintiff appeared voluntarily at the County sheriff's office to resolve an old warrant, Plaintiff was detained an additional two days solely because of a new ICE detainer, despite the Court-approved personal recognizance (PR) bonds.

### Failure to Conduct Required Custody Reviews

14. ICE remained obligated under its own regulations and policy—including 8 C.F.R. § 236.1(d)(1), the ICE Detention Operations Manual (Ch. 19), and ICE Directive 11002.1—to conduct periodic administrative custody reviews for detainees held under 8 U.S.C. § 1226(a) and to provide written notice and an opportunity to be heard.

15. In addition, when ICE later treated Plaintiff's case as subject to post-removal order without conducting a proper Post-Order Custody Review (POCR) as required under 8 C.F.R. § 241.4 and § 241.13, Plaintiff was denied the mandatory assessment of whether continued detention was justified. The complete absence of a POCR process rendered the continued confinement unlawful and prolonged.

16. Despite detaining Plaintiff for over 900 days, the absence of these reviews deprived Plaintiff of any meaningful administrative opportunity for release consideration or individualized assessment, resulting in continued confinement without legal justification. This combined omissions constituted negligence and contributed to the prolonged and unlawful nature of Plaintiff's detention thereby depriving earlier release..

### Violation of VAWA and Asylum Confidentiality and Enforcement Protection

17. Federal law and DHS policy provide that individuals with pending Violence Against Women Act (VAWA) self-petitions should generally not be detained or placed in enforcement proceedings absent an independent criminal or security ground. See 8 U.S.C. § 1367(a)(1)–(2) and related DHS guidance. Despite Plaintiff's pending VAWA petition and

Case 3:25-cv-03108-G-BK   Document 3   Filed 11/13/25   Page 5 of 11   PageID 41
FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

eligibility for these protections, ICE continued to detain Plaintiff under 8 U.S.C. § 1226(a) for almost three years without lawful justification or periodic administrative individualized review.

18. Before and during detention, Plaintiff had a pending Violence Against Women Act (VAWA) self-petition and was entitled to confidentiality protections under 8 U.S.C. § 1367(a). Similarly, 8 C.F.R § 208.6 strictly prohibits DHS/ICE from disclosing any information pertaining to an individual's Asylum application or the basis of the claim to unauthorized persons yet they failed to observe the confidentiality and enforcement restrictions mandated by law.

19. Despite Plaintiff's protected status, ICE continued detention, ordered transfers, failed to conduct administrative custody reviews, and made disclosures revealing or referencing the basis of Plaintiff's VAWA and asylum claims in federal habeas proceedings. The disregard of these statutory and policy safeguards caused severe emotional distress and fear of retaliation which constitutes negligence and wrongful confinement under the Federal Tort Claims Act.

**Threats and Coercive Conduct by ICE**

20. During Plaintiff's detention, ICE officers made repeated threats of expediting deportation and removal intended to deter Plaintiff from pursing lawful release and appeal rights. Plaintiff was told that continued efforts to post bond, contact attorneys, or seek review.

21. ICE and its contracted jail staff also obstructed Plaintiff's ability to pay approved bonds by warning that any attempt to do so would trigger re-detention under another warrant or detainer. These actions caused fear, confusion, and prevented Plaintiff from completing lawful bond payment and release procedures.

22. The threats and coercive conduct of ICE officers, acting within the scope of their employment, constituted negligence and abuse of authority. These actions unlawfully interfered

with Plaintiff's right to pursue available legal remedies and contributed to the prolonged and unlawful nature of Plaintiff's detention.

### ICE Detainers and Transfers

23. ICE officers repeatedly issued and reissued immigration detainers to County jails that held Plaintiff in local custody under ICE contract. These detainers, often without proper legal basis, caused County officials to refuse release even after Court-ordered bonds or PR bonds.

24. As a direct result, Plaintiff was transferred multiple times between jails and ICE facilities across Texas. Each transfer prolonged detention, obstructed legal processes, and further prevented Plaintiff from obtaining release.

25. ICE's repeated issuance of detainers and transfers reflected systemic negligence and mismanagement of custody, constituting wrongful confinement under the FTCA.

### Denial of Access to Courts

26. ICE's transfer and detention practices also deprived Plaintiff of meaningful access to the Courts. Legal mail was delayed or lost during transfers, and Plaintiff was housed in remote County jails without adequate legal resources or communication access.

27. These actions caused missed filing opportunities, difficulty maintaining habeas petitions, set back in ongoing removal proceedings and civil complaints, and significant mental anguish and frustration.

28. ICE's failure to ensure continuity of legal access and communication was negligent and interfered with Plaintiff's right to seek judicial review.

## VI.   Causes of Action

### Count I – Negligence

Case 3:25-cv-03108-G-BK   Document 3   Filed 11/13/25   Page 7 of 11   PageID 43
FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

29. ICE officers owed Plaintiff a duty of reasonable care to detain and manage custody consistent with federal law, constitutional rights, and statutory confidentiality protections.

30. By maintaining custody without lawful basis, ignoring VAWA protections, and mismanaging detainers and transfers, they breached that duty and caused foreseeable harm.

### Count II – False Imprisonment

31. Defendant's agents intentionally confined Plaintiff beyond lawful authority and without justification. Plaintiff's confinement was against his will and caused injury.

### Count III – Negligent Infliction of Emotional Distress

32. The negligent acts of DHS and ICE employees foreseeably caused Plaintiff severe emotional suffering, anxiety, and psychological harm.

### VII.    Damages

33. Plaintiff seeks compensatory damages of $2,000,000, representing approximately 913 days of unlawful detention, emotional distress, mental anguish, reputational injury, and other related losses.

34. The harm was aggravated by ICE's disregard of Plaintiff's statutory protections under the Violence Against Women Act (8 U.S.C. § 1367) and continued unlawful custody despite clear discretionary authority for release.

35. Plaintiff does not seek punitive damages.

### VIII.   Prayer for Relief

Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against the United States;

FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

b. Award compensatory damages in the amount of $2,000,000;

c. Award reasonable costs as allowed by law; and

d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]* 11/07/2025

Oluwaseun Shomefun

Pro Se Plaintiff

Case 3:25-cv-03108-G-BK   Document 3   Filed 11/13/25   Page 9 of 11   PageID 45
FILED UNDER SEAL
Pursuant to Motion to Proceed Under Pseudonym

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| OLUWASEUN, | ) |
| Petitioner, | ) Federal Tort Claims Act |
| v. | ) |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

**Attachment**

| **Tab** | | **Pages** |
|---|---|---|
| 1. | Civil Cover Sheet | 1 – 1 |
| 2. | Complaint | 2 – 9 |
| 4. | Motion to Seal or proceed under Pseudonym | 10 – 13 |
| 5. | Application to proceed in Forma Pauperis | 14 – 18 |

JS 44 (Rev. 04/21)(TXND 4/21)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Oluwaseun

**DEFENDANTS**
united States of America

**(b)** County of Residence of First Listed Plaintiff: Collin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
N/A

RECEIVED NOV 13 2025

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | [X] 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | FEDERAL TAX SUITS |  | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | 870 Taxes (U.S. Plaintiff or Defendant) |  | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | 871 IRS—Third Party 26 USC 7609 |  | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property |  | IMMIGRATION |  |  |
|  | 445 Amer. w/Disabilities - Employment / Other: | 462 Naturalization Application |  |  |
|  | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 465 Other Immigration Actions |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights |  |  |  |
|  | / 555 Prison Condition |  |  |  |
|  | / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act
Brief description of cause:
Negligence, False Imprisonment and Negligent Infliction of Emotional Distress.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 2,000,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Brian McKay
DOCKET NUMBER: 3:25-cv-01076-B-BW

DATE: 11/07/2025
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



From: Oluwaseun Shone Sunn
12052 Crystal Springs Ln
Frisco, Tx. 75035

To: United States District Court
Office of the Clerk
Northern District of Texas
1100 Commerce - Room 1452
Dallas, TX 75242

X-RAY

RECEIVED
NOV 13 2025