IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLUWASEUN SHOMEFUN, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:25-CV-3108-G-BK |
| § | |
| UNITED STATES OF AMERICA, § | |
| DEFENDANT. § | |

ORDER

Before the Court is *pro se* Plaintiff's *Motion to Seal this Case, or, in the alternative, to Proceed under a Pseudonym*. Doc. 5. Upon review of the pleadings, the record, and the applicable law, the motion is **DENIED**.

Plaintiff Oluwaseun Shomefun, a former immigration detainee, initiated this lawsuit on November 13, 2025, under the Federal Tort Claims Act. Doc. 5 at 1. Plaintiff complains of prolonged detention during prior removal proceedings while he sought asylum and protection under the Violence Against Women Act (VAWA). Doc. 3 at 1-2. Plaintiff moves to seal this case or to proceed under a pseudonym to prevent public dissemination of any sensitive information in pleadings and other court documents related to his "prior immigration proceedings and applications for humanitarian relief[.]" Doc. 5 at 1. He also alleges "a reasonable fear of deportation and retaliation in light of the facts alleged in the civil complaint." *Id.*

1. **Motion to File under Seal**

Plaintiff seeks leave to file his pro se complaint under seal. Doc. 5. He alleges that disclosure of his identity "would effectively tie [him] to confidential asylum and VAWA-based

proceedings" and violate the rules designed to protect applicants from retaliation. Doc. 5 at 3 (citing 8 C.F.R. § 208.6 and 8 U.S.C. § 1367). However, Plaintiff has not made the requisite showing for such an extraordinary relief.

The public has a common law right to inspect and copy judicial records and, when considering whether an action should be sealed, the Court "must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). *See also United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (noting a "strong presumption that all trial proceedings should be subject to scrutiny by the public").

In this instance, Plaintiff has identified nothing in his complaint warranting such an extraordinary step as sealing. Despite Plaintiff's allegations about "highly sensitive, confidential, and federally protected information" from his immigration proceedings, none of his filings to date include any such information. Doc. 3; Doc. 5. Moreover, the resolution of Plaintiff's claims under the Federal Tort Claims Act does not appear to implicate or require the submission of any sensitive, confidential, or protected information from his immigration proceedings.[1] Further, Plaintiff does not establish how his apprehension about potential retaliation or deportation outweighs the public's common law right of access to court records. Plaintiff thus fails to show that the extraordinary step of sealing a civil case from the public is warranted. Therefore, his *Motion to Seal this Case* is **DENIED**.

---

[1] Should such records become relevant here, Plaintiff may move to seal those records at that time.

2.  **Motion to Proceed Pseudonymously**

A plaintiff should be allowed to proceed anonymously only in rare and exceptional cases. *Doe v. Stegall*, 653 F.2d 180 (5th Cir. Unit A 1981); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ("*SMU*"). Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Additionally, Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." These requisites recognize that courts are public forums and that there is a legitimate public interest in knowing litigants' identities. *Doe v. Mckesson*, 945 F.3d 818, 835 (5th Cir. 2019), *judgment vacated on other grounds*, 592 U.S. 1 (2020).

Even so, there are exceptions to these general requirements when there are "matters of a sensitive and highly personal nature[.]" *SMU*, 599 F.2d at 713 (collecting cases involving topics such as "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families"). The Court of Appeals for the Fifth Circuit has identified three factors that "deserve considerable weight" when assessing a plaintiff's request to proceed pseudonymously: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the lawsuit will require the plaintiff to disclose information "of the utmost intimacy"; and (3) whether, in prosecuting the lawsuit, the plaintiff would be compelled to admit an "intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185-86 (citing *SMU*, 599 F.2d at 713).

These factors are not "a rigid, three-step test for the propriety of party anonymity" but "deserve considerable weight in the balance pitting privacy concerns against the presumption of openness of judicial proceedings." *Stegall*, 653 F.2d at 185-86. Courts also consider all of the circumstances. *Id.* at 186; *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

The parties, though, may not 'proceed anonymously based on generalized concerns.'" *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 n.5 (5th Cir. 2022). And "'the fact that a party might suffer some personal embarrassment or humiliation, standing alone, is insufficient to justify the use of a pseudonym.'" *Does 1-3 v. Sung Bum Chang*, No. 3:08-CV-2189-N, 2010 WL 11618786, at *3 (N.D. Tex. Feb. 9, 2010) (quoting *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007)).

As noted, Plaintiff requests to proceed anonymously and to seal this case based on alleged sensitive, confidential, and protected information from his immigration proceedings and his purported "reasonable fear of deportation and retaliation" resulting from the filing of this action. Doc. 5 at 1. These reasons fail to demonstrate that this is a rare and exceptional case that warrants permitting him to do so.

First, no factor weighs in favor of anonymity. Plaintiff does not challenge government authority; nor is it apparent that prosecuting his claims would require Plaintiff to disclose activity that might subject him to criminal prosecution. *See Stegall*, 653 F.2d at 185. As noted, Plaintiff sues for damages under the Federal Tort Claims Act. Second, his allegations do not suggest that there is a credible threat of violence against him if he is required to identify himself as the plaintiff in this lawsuit. His uneasiness with, and possible fear of, deportation and retaliation are instead a type of "generalized concern[]" the Fifth Circuit has disallowed as a permissible basis for anonymous filing. *Sealed Appellant*, 2024 WL 980494, at *3.

Thus, Plaintiff's motion for leave to file under a pseudonym is therefore **DENIED**, and he is required to identify himself in this civil action. FED. R. CIV. P. 10(a).

The Clerk of the Clerk is **directed to unseal** this case.

**SO ORDERED** February 21, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE